IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN GILL CARANCHINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-672-DGK |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| BAC HOME LOANS SERVICING, LP, | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO REMAND

This case arises out of a dispute over the mortgage on pro se Plaintiff Gwendolyn Caranchini's home. Plaintiff alleges that after receiving a mortgage through Aegis Lending Corporation her note was passed to several different entities, none of whom correctly recorded their interest in the property or properly communicated with her, therefore she is the sole lawful owner of the property securing the mortgage.

Now before the Court is Plaintiff's Objections to Removal by Defendants (Doc. 5), which the Court construes as a motion to remand. Plaintiff argues Defendants' removal was procedurally improper; that Defendants have not overcome the presumption in favor of remand; and that a federal district court does not possess subject matter jurisdiction to hear a quiet title lawsuit concerning land in Jackson County, Missouri.[1] The Court finds no merit to these arguments, and the motion is DENIED.

---

[1] In her initial Suggestions in Support (Doc. 9) Plaintiff also made several other arguments; for example, that there was not complete diversity of citizenship between the parties, and that Defendants removal was made in bad faith. In her Reply Plaintiff appears to have abandoned these other arguments.

## Background

On February 29, 2010 Plaintiff filed suit against Defendants in the Circuit Court of Jackson County, Missouri. Defendant Bank of America was properly served with the Summons and Petition on May 26, 2010. On June 15 Plaintiff filed her First Amended Petition for Damages and Request for Injunctive Relief in Jackson County Circuit Court. The First Amended Petition asserts an action for quiet title (Count I), breach of contract (Count II), Fraud (Count III), and a "Request for Mandatory Injunction" (Count IV). With the exception of the fraud claim, the First Amended Petition is substantially the same as the initial Petition.

Neither the initial Petition or the First Amended Petition asks for a specific amount of damages. But Plaintiff sent Defendants a settlement offer/demand letter dated June 21, 2010 in which she demanded, among other things, that Defendants "[p]ay down or off of my mortgage . . . Pay off my second mortgage to Gorman & Associates (approximately $41,000) and a judgment lien for approximately $53,000."

On July 6 Defendants Bank of America, N.A. and BAC Home Loans Servicing LP ("BAC") (collectively "BOA") filed the Notice of Removal. The Notice of Removal was electronically signed and filed by counsel of record for Defendants BOA, Staci Olvera Schorgl of Bryan Cave LLP. At the time Schorgl was also counsel for record for Defendant Mortgage Electronic Registration System, Inc. ("MERSI"), but MERSI is not listed on the Notice as a removing party, nor is it listed in the signature block of the Notice.

On July 7 Plaintiff moved to remand.

On July 12 Schorgl and Bryan Cave moved to withdraw as counsel for MERSI, and Steven Aaron and JoAnn Sandifer of Husch Blackwell Sanders LLP contemporaneously entered their appearance. On July 20 MERSI filed its response opposing Plaintiff's request for an

emergency hearing on her motion to remand (doc. 17), and on July 26 MERSI filed a brief formally adopting BOA's suggestions in opposition to remand. (Doc. 25.)

The BOA Defendants were served prior to removal.[2] MERSI has never formally been served but appears voluntarily. Aegis Lending Corporation was never served but had actual notice of the lawsuit and filed a suggestion of bankruptcy on July 20. (Doc. 22.) Nothing in the record indicates Defendants Wilshire Credit Corporation, MLMI 2006-HE5, or any of the John and/or Mary Does 1-1000 have ever been served.

There is no dispute that the named parties are diverse: Plaintiff is a Missouri citizen while none of Defendants are.[3]

**Standard**

An action may be removed by the defendant to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Even if the case as stated by the initial pleading is not removable, the case may subsequently become removable. "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," except that a case

---

[2] The record is somewhat unclear with respect to which Defendants have been served, and when. The is due to the fact that BOA has submitted the state court file in a piecemeal fashion (*see* doc. 3), and that the parties have not developed this part of the record or discussed it in any detail in their briefs.

[3] In her initial Suggestions in Support Plaintiff argued that there was not complete diversity; in her Reply Plaintiff "concedes . . . that it APPEARS that diversity exists." (Doc. 27 at 8-9) (emphasis in original). The parties are in fact of diverse citizenship: Bank of America, N.A., and BAC Home Loans Servicing LP ("BAC") are North Carolina citizens. Aegis Lending Corporation is a Delaware corporation and does not maintain its principal place of business in Missouri. Wilshire Credit Corporation is a Nevada corporation and does not maintain its principal place of business in Missouri. Mortgage Electronic Registration Systems, Inc. is a Delaware corporation with its principal place of business in Virginia. Finally, to the best of the parties' belief, Defendant MLMI 2006-HE5 is a New York common law trust with neither its beneficiaries or its trustees residing in Missouri.

3

may not be removed more than one year after commencement of the action. 28 U.S.C. § 1446(b).

To invoke the district court's original diversity jurisdiction the parties must be citizens of different states and the amount in dispute must exceed $75,000. 28 U.S.C. § 1332(a). Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant destroys diversity and extinguishes a federal court's jurisdiction to hear the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

**Discussion**

**A.     Defendants removal was timely and procedurally proper.**

Plaintiff contends removal was procedurally improper because she sent Defendants her demand letter within 30 days of serving the Petition and First Amended Petition, and Defendants did not file their notice of removal within 30 days of this service. There is no merit to this argument. The removal statute makes clear that the 30 day removal period runs from the time the "other paper" is received, not 30 days from the day service is made on a petition or amended petition. The statute states "a notice of removal may be filed within thirty days *after receipt by the defendant . . . of a copy of* an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). A demand letter constitutes "other paper." *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000); *Metzger v. Wal-Mart Stores, Inc.*, No. 4:07 CV 1024-

DDN, 2007 WL 2454121, at *2 (W.D. Mo. Aug. 23, 2007). In the present case Plaintiff's demand letter was the first indication that she was seeking approximately $94,000 in damages, an amount which exceeds the $75,000 jurisdictional threshold. The letter is dated June 21, 2010. Assuming for the sake of argument Defendants received it June 21, Defendants would have had until July 21 to timely file a notice of removal. Defendants filed their notice on July 6, well before the deadline, thus the notice was timely filed.

Plaintiff has also suggested that removal was improper because all Defendants did not consent to removal. To remove a case to federal court all defendants in the state court action must consent to removal. *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008). This is the so-called "rule of unanimity." *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005); 14C Charles Alan Wright et. al., Federal Practice and Procedure §3730 (4th ed. 2009). A defendant who has not been properly served, however, is ignored for purposes of applying the rule. *Roberts*, 354 F. Supp. 2d at 1044. This is to prevent plaintiffs from thwarting removal by joining defendants they do not intend to proceed against, or even serve. 14C Charles Alan Wright et. al., Federal Practice and Procedure §3730.

In the present case it appears only three Defendants have either been properly served or appear voluntarily, the BOA entities and MERSI. The remaining Defendants have either not been served or are in bankruptcy, so the Court ignores them for purposes of determining whether all Defendants consent to removal and focuses on BOA and MERSI. The Notice of Removal was electronically signed by counsel of record for the BOA entities, thus they have consented. Since their counsel was also counsel of record for MERSI at the time the notice of removal was filed, and MERSI subsequently adopted BOA's suggestions in opposition to remand (see doc. 25), it appears the failure to formally list MERSI as a party joining the notice of removal was

5

simply a clerical error and MERSI has consented. This being the case, the unanimity requirement has been satisfied. *See Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) (noting each defendant does not necessarily have to sign the notice of removal for it to be effective; indication of consent from someone with authority to act on the defendant's behalf is enough).

In sum, removal was procedurally proper.

**B.    Defendants have established a statutory right to removal.**

While Plaintiff rightly notes the burden of establishing federal jurisdiction is on the party seeking removal and all doubts are resolved in favor of remand, Defendants have established that the parties are citizens of different states and the amount in dispute here exceeds $75,000, thus Defendants have a statutory right to removal under 28 U.S.C. §§ 1441(a), 1446(b), and 1332(a).

**C.    This Court has subject matter jurisdiction to hear his dispute.**

Finally, Plaintiff argues that this Court lacks subject matter jurisdiction to hear this dispute because Missouri Revised Statute § 508.030 provides that when a quite title action is brought in Missouri state court jurisdiction and venue lie in the county where the property is located. Plaintiff appears to be arguing that Missouri Revised Statute § 508.030 somehow trumps the provisions of the federal removal statute. It does not.

Article III, Section 2 of the United States Constitution provides that the judicial power of the federal courts "shall extend" to all cases arising under the laws of the United States and to controversies between citizens of different states. Pursuant to this grant of authority Congress enacted 28 U.S.C. § 1441(a), which states in relevant part that "**any civil action** brought in a state court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**, to the district court of the United States for the

district and division embracing the place where such action is pending." (Emphasis added.) Additionally the Supremacy Clause (Article VI) of the Constitution states that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land . . . anything in the constitution or laws of any state to the contrary notwithstanding." The practical effect of this provision "is that state and local laws are deemed pre-empted if they conflict with federal law." Edwin Chemerinsky, <u>Constitutional Law Principles and Policies</u> § 1.1 (3rd ed. 2006). Consequently, even if § 508.030 tried to vest Missouri state courts with the sole authority to hear quiet title actions concerning real property located in Missouri (and the Court is not convinced § 508.030 does), the statute would be pre-empted by the federal removal statute.

In short, this Court has the power to hear this dispute.[4]

## Conclusion

For the foregoing reasons, Plaintiff's Motion (Doc. 5) is DENIED.

**IT IS SO ORDERED.**

Date:   September 22, 2010                    /s/ Greg Kays
                                                                               GREG KAYS, JUDGE
                                                                               UNITED STATES DISTRICT COURT

---

[4] Of course, Missouri law will supply the substantive law to decide this dispute, but federal procedural rules will apply. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).