## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN G. CARANCHINI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00672-DGK |
| | ) | |
| BANK OF AMERICA, N.A., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING PENDING MOTIONS

This case arises out of a dispute over the mortgage on pro se Plaintiff Gwendolyn Caranchini's home. Plaintiff alleges that after receiving a mortgage through Aegis Lending Corporation her note was passed to several different entities, none of whom correctly recorded their interest in the property or properly communicated with her, and therefore she is the sole lawful owner of the property securing the mortgage. Now before the Court is Defendants' Bank of America, N.A., Bank of America Home Loans, and Mortgage Electronic Registration System, Inc.'s Motion to Dismiss (doc. 3-5), Plaintiff's motion to dismiss counts II and III, Plaintiff's motion to "Add Parties Defendant and File Second Amended Petition" (doc. 37), and Plaintiff's "Motion for this Court to Consider Defendants' Motion to Dismiss, Plaintiffs' Motion to Dismiss and Plaintiff's Motion for Leave to Add Parties and File Second Amended Complaint Together Rather than as Separate Motions" (doc. 43).

Defendants argue in their motion that Plaintiff lacks standing to bring Counts II and IV; that Count IV, which seeks injunctive relief, should be dismissed because the Complaint references potential monetary relief, thus there is an adequate remedy at law; and that Count III fails to plead fraud with sufficient particularity. Defendants contend Counts II, III and IV should

be dismissed for failure to state a claim. In response, Plaintiff moves to dismiss Count II with prejudice and Count III without prejudice and also moves for leave to file a second amended complaint adding additional defendants.

The Bank of America defendants oppose granting leave to amend, arguing there is no reasonable basis to add the proposed parties, that the request would cause undue delay in the litigation because inclusion of the parties would require publication that could take as long as six months to complete, and the request is made in bad faith. Defendant Mortgage Electronic Registration System, Inc., on the other hand, has no objection to Plaintiff's filing a second amended complaint. It suggests allowing Plaintiff to voluntarily dismiss Counts II and III, and reassert count IV in a second amended complaint subject to a new motion to dismiss, is the most efficient way to move the litigation forward and resolve this dispute.

The Federal Rules of Civil Procedure provide that once an answer has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. Pro. 15(a)(2). While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted). "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause undue prejudice to the non-movant, or if the amendments would be futile. *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005). In the present case it is unclear whether there is bad faith or if filing a second amended complaint would be futile, but, finding that the interest of justice so requires and that this is the most efficient way of ultimately resolving the dispute here on the merits, the Court will permit Plaintiff to dismiss counts II and III and file a second amended complaint.

Accordingly, Plaintiff's motion to dismiss Count II with prejudice and Count III without prejudice (doc. 35) is GRANTED. Plaintiff's motion for leave to file a second amended complaint (doc. 37) is GRANTED. Defendants' motion to dismiss (Doc. 3-5) and Plaintiff's motion to rule all motions together (doc. 43) are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: _April 6, 2011_                    /s/ Greg Kays
                                         GREG KAYS, JUDGE
                                         UNITED STATES DISTRICT COURT