# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN G. CARANCHINI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10-CV-00672-DGK |
| ) | |
| BANK OF AMERICA, N.A., et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING RENEWED REQUEST FOR REMAND

This case arises out of a dispute over the mortgage on pro se Plaintiff Gwendolyn Caranchini's home. Plaintiff alleges that after receiving a mortgage through Aegis Lending Corporation her note was passed to several different entities, none of whom correctly recorded their interest in the property or properly communicated with her, and therefore she is the sole lawful owner of the property securing the mortgage.

The procedural history of this case is as follows. Defendants removed this case to federal court on July 6, 2010 based on diversity jurisdiction. The next day Plaintiff moved to remand. On September 22, 2010, the Court denied the motion to remand, holding that Defendants removal was timely and procedurally proper, that Defendants had established a statutory right to removal, and that the Court had subject matter jurisdiction to hear this dispute.

Now before the Court is Plaintiff's Renewed Request for Remand (doc. 53). Plaintiff argues that this Court should revisit its earlier decision not to remand this case to the Circuit Court of Jackson County in the wake of three events: (1) The decision by the United States District Court for the District of Maine to deny a temporary restraining order ("TRO") on the grounds that it did not have jurisdiction to enter a TRO; (2) a decision by the United States

District Court for the District of Arizona to abstain from exercising jurisdiction in an 'in rem' action; and (3) Jackson County Circuit Court Judge Mesle's denial of Plaintiff's request for a TRO in a related state court action alleging wrongful foreclosure. Plaintiff contends Judge Mesle denied her request for a TRO "because not all the parties were before it and the quiet title was not before it so that [the state court] had jurisdiction over the parties," and that this case should be remanded so that all the related litigation can proceed in state court.

The Court holds the two federal court decisions are neither analogous or persuasive, therefore they do not merit reconsideration. The Court also notes it has previously held that it has authority to issue a TRO in this case, if necessary. *See* Order Denying Request for Emergency Hearing on Motion to Remand (doc. 20). Additionally Plaintiff has still not demonstrated why or how the Court can override Defendants statutory right to removal and having this dispute heard in this forum. Consequently, the Court will not reconsider its earlier order denying remand.

The Motion (doc. 53) is DENIED.

**IT IS SO ORDERED.**

Date: April 6, 2011            /s/ Greg Kays
                               GREG KAYS, JUDGE
                               UNITED STATES DISTRICT COURT