# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN G. CARANCHINI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., et al. )<br>)<br>Defendants. ) | Case No. 4:10-CV-00672-DGK |

## ORDER DENYING MOTION TO DISQUALIFY OR RECUSE

This case arises out of a dispute over the mortgage on *pro se* Plaintiff Gwendolyn Caranchini's home. Plaintiff alleges that after receiving a mortgage through Aegis Lending Corporation, her note was passed to several different entities, none of whom correctly recorded their interest in the property or properly communicated with her, leaving Plaintiff as the sole lawful owner of the property securing the mortgage. Plaintiff seeks injunctive relief precluding foreclosure on her home.

Now before the Court is Plaintiff's "Motion to Disqualify and/or Recuse Pursuant to 28 U.S.C. Sec. 144 and 455" (doc. 81). Plaintiff argues the Court should disqualify or recuse itself from this case pursuant to 28 U.S.C. §§ 144 and 455, and has filed an affidavit in conjunction with her motion. Finding that the affidavit does not support disqualification under § 144, and that the Court's impartiality in this case cannot be reasonably questioned, the motion is DENIED.

**Standard**

Section 144 provides that,

> Whenever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom

> the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. Notwithstanding the statute's wording, appellate courts have consistently held that "[t]he simple filing of an affidavit does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976); *see, e.g., United States v. Dansker*, 537 F.3d 40, 53 (3rd Cir. 1976). "An affidavit must comply with §144 before it can effectively disqualify a judge." *Bray*, 546 F.2d at 857. It must be filed at the earliest moment the party acquires "knowledge of facts demonstrating the basis for disqualification." 12 James Wm. Moore, Moore's Federal Practice, 63.61 (3d ed. 1997 & Supp. 2011). It must also "allege personal rather than judicial bias" and "must contain more than mere conclusions. [It] must show facts indicating the existence of a judge's personal bias and prejudice." *Bray*, 546 F.2d at 857. A court's issuance of an adverse ruling or rulings is insufficient grounds for disqualification. *Id.* If the affidavit is insufficient to compel disqualification, the judge has a duty to preside. *Dansker*, 537 F.3d at 53.

The other statute upon which Plaintiff relies, 28 U.S.C. § 455(a), states in relevant part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

### Discussion

Plaintiff argues 1) this Court is biased because several judges in the Western District of Missouri successfully sought to have her disbarred in 1997; 2) the rulings in this case show the Court is biased against her; 3) a Jackson County Circuit judge has allegedly stated in open court

that there is a strained relationship between Plaintiff and the federal court;[1] and 4) that even if there is not actual bias here, there is the appearance of bias. Plaintiff requests this Court disqualify itself, and that the case not be assigned to any judge who voted to disbar her from the Western District of Missouri.

**I.      Disqualification is not appropriate under § 144.**

The allegations in Plaintiff's affidavit can be summarized as follows: Plaintiff was wrongfully disbarred from the Missouri Bar and from the Western District of Missouri Bar based upon a referral from the Honorable Dean Whipple, a senior judge in this district. Judge Whipple and the other judges who voted to disbar Plaintiff are "prejudiced" against her. With respect to this Court, the affidavit states:

> 24.     Judge Kays, who I have never met formally or appeared before[,] by his rulings shows his bias repeatedly against the undersigned. Those actions are set forth in my brief at great length [which alleges the Court has made numerous errors of law] and are incorporated into this affidavit by reference. This affidavit is meant solely to show the basis of that bias, and not how that bias has demonstrated itself judicially.
>
> 25.     It is clear to me that Judge Kays has formed an opinion about me based upon my disbarment and comments to him from Judge Whipple and Gaitan and not based upon any interaction he has had with me or any case I have previously had. In fact[,] he has refused to have any hearing or even a telephone conversation on any matter in these cases. There is no other reason for the actions he has taken in my initial case removed which is still pending on a Motion to Dismiss and which I believe will also subject me to bias in the second removal action.
>
> .    .    .
>
> 27.     I believe this extrajudicial bias is sufficient to require Judge Kays to remove himself from my cases at once and require this case to be heard by a judge who did not vote to disbar me from the

---

[1] The Court has reviewed Plaintiff's hearing transcript and finds that the Jackson County Circuit judge made no such comments.

> Western District of Missouri or who has not formed an opinion
> about me based upon that disbarment.

Pl.'s Aff. at 4. The affidavit does not specify what comments Judge Whipple or Judge Gaitan allegedly made to this Court, nor does it allege specific facts demonstrating the existence of any personal bias or prejudice.

This affidavit is patently insufficient to justify disqualification. As a threshold matter, it is not timely. Plaintiff waited to file this motion until almost eleven months after this case was assigned to this Court and eight months after the Court denied Plaintiff's initial motion to remand. Thus, the motion was not filed at the earliest opportunity that any supposed bias or prejudice became evident. Even if the affidavit were timely made, it fails to set forth any specific facts demonstrating the existence of personal bias or prejudice against the Plaintiff. Its mere conclusory statements are not enough. *Bray*, 546 F.2d at 857.

## II.     Disqualification is not appropriate under § 455(a).

Similarly, disqualification under § 455(a) is inappropriate because the Court's impartiality cannot reasonably be questioned here. Plaintiff's first argument, that this Court is biased because several judges in the Western District of Missouri had her disbarred in 1997, is a non sequitur. Plaintiff was disbarred fourteen years ago; the undersigned has been a federal judge for only three years now and played no part in Plaintiff's disbarment. There is simply no connection between Plaintiff's disbarment fourteen years ago and this Court's impartiality. The fact that Plaintiff was disbarred does not give rise to an inference that this Court is biased.

The Court's rulings in this case are also not evidence that the Court is biased. The Court's orders set forth the reasons for the Court's decisions. If Plaintiff believes these rulings are incorrect, she can appeal them. The fact that Plaintiff vehemently disagrees with some of the

Court's rulings, without more, does not mean the Court's impartiality can reasonably be questioned.

Finally, there is no merit to Plaintiff's suggestion that there is at least the appearance of bias in this case. Plaintiff provides no support or explanation for this assertion, and the Court finds no evidence showing an appearance of bias here. In addition, no reasonable person would believe that the Court's disagreement with Plaintiff's position on a particular issue evidences any prejudice against her.

Accordingly, Plaintiff's motion (doc. 81) is DENIED.

**IT IS SO ORDERED.**

Date: October 18, 2011                          /s/ Greg Kays
                                                GREG KAYS, JUDGE
                                                UNITED STATES DISTRICT COURT