# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN G. CARANCHINI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00672-DGK |
| | ) | |
| BANK OF AMERICA, N.A., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

This case arises out of a dispute over the mortgage on *pro se* Plaintiff Gwendolyn Caranchini's home. Plaintiff alleges that after receiving a mortgage through Aegis Lending Corporation, her note was passed to several different entities, none of whom correctly recorded their interest in the property or properly communicated with her, leaving Plaintiff as the sole lawful owner of the property securing the mortgage. Plaintiff seeks injunctive relief precluding foreclosure on her home.

Now before the Court is Plaintiff's "(Corrected) Amended Motion to Dismiss Second Amended Complaint" (doc. 79).[1] Plaintiff seeks to dismiss without prejudice her Second Amended Complaint. In support of her motion, Plaintiff argues that the Court erred in denying her two previous motions to remand, and that this Court lacks jurisdiction to hear the issues raised in this case. In their joint response, Defendants argue that Plaintiff has not set forth any valid grounds for the Court to allow dismissal without prejudice at this stage of the litigation; that the Court has jurisdiction over the declaratory judgment and quiet title claims in this case; that Kozeny & McCubbin (the law firm Plaintiff has unsuccessfully sought to join in this

---

[1] The previously filed versions of this motion, "Plaintiff's Motion to Dismiss Second Amended Complaint" (doc. 72) and "Plaintiff's Amended Motion to Dismiss Second Amended Complaint" (doc. 78), are DENIED AS MOOT.

litigation) is not a necessary party; and that Defendants will be prejudiced if the Court grants the motion to dismiss.

Federal Rule of Civil Procedure 41(a)(2) provides that at this stage of the litigation the lawsuit may be dismissed at the plaintiff's request only with court approval, and only on such terms as the Court considers proper. The primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side. *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

The decision whether to allow a party to voluntarily dismiss a case rests with the sound discretion of the district court. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). In exercising this discretion, the court considers such factors as whether the plaintiff has presented a proper explanation of her desire to dismiss; whether dismissal would result in a waste of judicial time and effort; and whether dismissal will prejudice the defendants. *Id.* Prejudice includes effort and expense in defending a case and also uncertainty over title to land. *Paulucci*, 826 at 783.

Here these factors weigh against granting the motion. It is clear that Defendants will be prejudiced if Plaintiff is permitted to dismiss without prejudice. Defendants have invested a considerable amount of time and effort litigating in this forum by filing answers to multiple complaints, flying-in individuals to participate in mediation, and briefing multiple jurisdictional issues. These expenses would be wasted if Plaintiff were permitted to dismiss without prejudice. Furthermore, Plaintiff has not provided any valid reason for the Court to allow dismissal without prejudice. Although Plaintiff stridently insists the Court's previous rulings were incorrect, this is not grounds for allowing dismissal without prejudice at this stage of the litigation. If it were,

every plaintiff would seek to dismiss his or her case without prejudice once a court issued a disappointing ruling, thereby thwarting the timely and efficient administration of justice.

Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Date: October 18, 2011             /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT