IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN G. CARANCHINI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00672-DGK |
| | ) | |
| BANK OF AMERICA, N.A., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND
## BASED UPON THE COMMERCE CLAUSE

This case arises out of a dispute over the mortgage on pro se Plaintiff Gwendolyn Caranchini's home. Plaintiff alleges that after receiving a mortgage through Aegis Lending Corporation, her note was passed to several different entities, none of whom correctly recorded their interest in the property or properly communicated with her, leaving Plaintiff as the sole lawful owner of the property securing the mortgage. Plaintiff seeks injunctive relief precluding foreclosure on her home.

Now before the Court is Plaintiff's "Motion to Remand Case Based Upon the Commerce Clause of the United States Constitution" (doc. 90). Although styled as a motion to remand, Plaintiff is really arguing that this Court lacks subject matter jurisdiction to hear this dispute. Plaintiff asserts that, "Jurisdiction by the federal judiciary requires that the issue affects interstate commerce," and because it is physically impossible for her house, real property platted in an individual state, to move between states, the federal judiciary cannot exercise jurisdiction over a dispute concerning her house.

As this Court has previously observed, Article III, Section 2 of the United States Constitution provides that the judicial power of the federal courts "shall extend" to all cases

arising under the laws of the United States and to controversies between citizens of different states. Pursuant to this grant of authority Congress enacted 28 U.S.C. § 1441(a), which states in relevant part that "**any civil action** brought in a state court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." (Emphasis added.) Consequently, this Court possesses subject matter jurisdiction to hear this dispute.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: October 26, 2011                         /s/ Greg Kays
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT