IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN G. CARANCHINI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00672-DGK |
| | ) | (consolidated with 4:11-cv-0464) |
| BANK OF AMERICA, N.A., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This case concerns the mortgage on Plaintiff's home. Plaintiff brought this lawsuit when state foreclosure proceedings were being threatened. Plaintiff, who is representing herself, alleges that after receiving a mortgage through Aegis Lending Corporation, the note was sold to a succession of different entities, none of whom properly recorded their interest or communicated with her. Plaintiff asserts that as a result, she is the sole lawful owner of the property securing the mortgage.

This lawsuit is substantially similar to another lawsuit Plaintiff has filed, *Caranchini v. Kozeny & McCubbin, LLL, et al.*, 4:11-0464, in which she also named as a defendant the law firm that is trustee on the deed of trust. The second case has been consolidated into this one.

Now before the Court is Defendant Kozeny & McCubbin, LLC's ("Kozeny") Motion to Dismiss Plaintiff's Petition (Doc. 46) for failure to state a claim upon which relief can be granted. With respect to Count I, the quite title action, the Court finds Kozeny has no present stake in the property and that there is no real, present claim for relief against Kozeny. With respect to Count III, the claim for breach of fiduciary duty, the Court holds that at the time the second amended petition was filed, no foreclosure sale had occurred or was pending, thus

Kozeny did not owe any duty to Plaintiff. Consequently, Count III also fails to state a claim. The motion is GRANTED.

## Background

On February 29, 2010 Plaintiff filed her first lawsuit in the Circuit Court of Jackson County, Missouri against Defendants Bank of America, N.A. ("BOA"); BAC Home Loans Servicing, LP ("BAC"); Aegis Lending Corporation; Wilshire Credit Corporation; Mortgage Electronic Registration Systems, Inc. ("MERS"); Citibank, in its capacity as a trustee for two mortgage trusts; Countrywide Lending; Todd Hamby, the initial trustee on the deed of trust; Merrill Lynch; and John and Mary Does 1-1000. Defendants BOA and BAC removed the case to federal court pursuant to the Court's diversity jurisdiction.

On September 10, 2010 Plaintiff filed a second lawsuit in the Circuit Court of Jackson County, Missouri naming Kozeny & McCubbin, LLC ("Kozeny"), the successor trustee on the deed of trust for her home, as the sole defendant. On October 4, 2010, Plaintiff amended the Petition to add claims against the other Defendants named in the first lawsuit. Plaintiff also added claims against MERSCORP, Inc., the sole owner of MERS. That lawsuit was also removed to federal court, and on January 5, 2012, the Court granted Plaintiff's motion to consolidate these lawsuits.

The consolidated lawsuit contains two counts relevant to the pending motion. Count I, brought against Kozeny and other the other Defendants, seeks to quiet title to Plaintiff's property free and clear of the deed of trust. It also seeks a declaration that Defendants have no interest in the property. Count III alleges breach of fiduciary duty against Kozeny as the successor trustee of the deed of trust.

2

## Standard

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

## Discussion

**A.     Count I fails to state a claim upon which relief can be granted.**

Defendant Kozeny argues that Count I, the quiet title claim, fails to state a claim with respect to it because as a trustee of the deed of trust, it has no interest in the property and will not have any interest until the lender, or the lender's successors, invokes the power of sale in the deed of trust. Kozeny contends that because the lender's successors and assigns have all been joined in this action, its presence is unnecessary. If the Court grants Plaintiff the relief she seeks and cancels the deed of trust, it could never have any interest in the property, thus Kozeny's presence in this lawsuit does not afford Plaintiff any relief.

3

The Court notes that under Missouri law a deed of trust simply creates a lien in favor of the mortgagee; it does not vest title in the trustee. *Libby v. Uptegrove,* 988 S.W.2d 131, 132 (Mo. App. 1999). The trustee of a deed of trust has no interest in the property; the grantor remains the owner of the land until entry for breach of the condition of the deed of trust. *State ex rel. State Hwy. Comm. v. Thelnor, Inc.,* 485 S.W.2d 443, 445 (Mo. App. 1972). In a lawsuit affecting title to a mortgaged property a trustee is not an indispensable party. *Casper v. Lee*, 245 S.W.2d 132, 138-39 (Mo. banc 1952).

In the present case, the trustee has no ownership interest in Plaintiff's property and, as the deed of trust makes clear, has no independent right to sell or dispose of the property. The trustee can act under the deed of trust only if the lender, or the lender's successors or assigns, invokes the power of sale. The lender's successors and assigns have all been joined in this action, so if the Court grants Plaintiff the relief she seeks and cancels the deed of trust, the trustee would have no further rights in the property. Thus Kozeny is neither a necessary or indispensable party to this litigation. There is also no suggestion here that Kozeny has some other stake in the litigation, nor is there any other real, present claim for relief against Kozeny. Consequently, Count I is dismissed against Kozeny.

**B.     Count III fails to state a claim upon which relief can be granted.**

Count III alleges that Kozeny breached its fiduciary duty to the Plaintiff by not reviewing and clearing what Plaintiff alleges is a "cloud" on the title of the property securing the mortgage. Second Am. Pet. (doc. 1-4) at pp. 51-52. Kozeny argues that because the deed of trust does not contain any provision directing it to investigate the property's title, or clear title if it becomes clouded, it owed no duty to Plaintiff which it could have breached.

Under Missouri law, "[a] trustee in a deed of trust acts in a fiduciary capacity and he must act with complete integrity, fairness, and impartiality toward both the debtor and the creditor." *Spires v. Edgar*, 513 S.W.2d 372, 378 (Mo. 1974). "The duties and powers of a trustee are fixed by the terms of the contract, namely, the deed of trust." *Id.* Where the deed of trust does not contain a provision directing the trustee to investigate a property's title, there is no requirement that the trustee initiate one.

In the present case, Paragraph 22 of the deed of trust (doc. 1-5) defines Kozeny's duties. These duties are limited to giving notice of any foreclosure sale, selling the property at a public auction to the highest bidder, conveying the property by trustees' deed, and applying the sale proceeds. It does not include an affirmative duty to investigate the property's title or remove any clouds that a third-party places upon it. Consequently, Count III does not state a claim for relief against Kozeny, and it is dismissed against Kozeny.

**C.     Dismissal is without prejudice.**

Finally, Kozeny argues that dismissal should be with prejudice because there was no reasonable basis in fact or law for it to be included in this lawsuit. Given the facts as the Court understands them, the Court is skeptical that Plaintiff could possibly have any viable claims against Kozeny. In the event she does, however, the Court does not want to foreclose Plaintiff from bringing them by dismissing these claims with prejudice. Additionally, the Court notes that dismissal with prejudice is not necessary to prevent Plaintiff from subsequently bringing meritless claims against Kozeny, because if Plaintiff chooses to re-file this lawsuit against Kozeny, the Court has the power to order Plaintiff to pay all or part of the costs of the previous action, or to order her to post a bond to cover costs in the new action. Accordingly, this portion of the motion is denied.

## Conclusion

For the foregoing reasons, Defendant Kozeny's Motion to Dismiss Plaintiff's Petition (Doc. 46) is GRANTED.  This lawsuit is dismissed without prejudice against Kozeny.

**IT IS SO ORDERED.**

Date:  May 18, 2012                               /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT