**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| GWENDOLYN GILL CARANCHINI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10-0672-CV-W-DGK |
| | ) | |
| BANK OF AMERICA, N. A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S OBJECTION TO
ALLEGED PROMISSORY NOTE**

Pending before the Court is Plaintiff's "Objection to Alleged Promissory Note Produced by BANA Defendants on Plaintiff's Home Before Magistrate Maughmer" (Doc. 235) and Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., as servicer for Citibank N.A. as Trustee for MLMI Trust Series 2006-HE5, and Merrill Lynch and Co. (collectively the "BANA Defendants") "Motion to Strike Plaintiff's Objection to Alleged Promissory Note" (Doc. 245).   Plaintiff's filing is a list of objections to the alleged promissory note at issue in this case. BANA's filing is a motion to strike Plaintiff's filing.

The BANA Defendants contend Plaintiff's filing is procedurally improper and, in their eyes, a list of unfounded speculation and conclusions.  In response, Plaintiff indicates that her filing was not a motion of any kind, just a filing made to advise the BANA Defendants, and presumably the Court, of her arguments against the alleged promissory note.

The Court does not consider whether Plaintiff's objections to the note are well-founded or not; these are issues for the Court to consider at the summary judgment stage of the litigation or for the fact-finder to consider at trial.   The issue presently before for the Court is whether Plaintiff's filing was procedurally appropriate or not.   Since Plaintiff's filing was not part of the briefing on

any pending motion, and parties are generally not permitted to file briefs with the Court whenever it suits them, *see e.g.*, Local Rules 7 and 56.1, the filing should be stricken.   Of course, the impact of this order is negligible, because Plaintiff is free to submit the same information at a later, procedurally appropriate time, at which time the Court will consider the merits of Plaintiff's arguments.

Accordingly, the motion is GRANTED, but Plaintiff is free to resubmit her filing at a later, procedurally appropriate time.

**IT IS SO ORDERED.**

Date:   October 12, 2012         /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT