IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN GILL CARANCHINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 10-0672-CV-W-DGK |
| v. ) | |
| ) | Consolidated with: |
| BANK OF AMERICA, N. A., et al., ) | No. 4:11-CV-00464-DGK |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION TO STAY DISCOVERY

Pending before the Court is the MERS Defendants' Motion to Stay Discovery, or in the Alternative, For Protective Order (Doc. 273), which the BANA Defendants have joined (Doc. 280). Defendants argue discovery should be stayed pending resolution of Defendants' summary judgment motions so that they will not incur additional substantial expense responding to Plaintiff's currently pending (and anticipated) discovery requests. Plaintiff opposes the motion, arguing Defendants have constantly thwarted her from conducting any meaningful discovery on the issues she believes are relevant to her claims, and that the motion to stay is simply another attempt to do so.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (holding district court has the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it."). A district court may even order a stay sue sponte if doing so will promote comity and judicial efficiency without prejudicing either party or causing undue delay. *Cf. Landis*, 299 U.S. at 254-55 (holding court must "weigh competing interests" and

exercise its judgment in deciding whether to stay litigation). The Court finds a stay is appropriate here because it will spare the parties the substantial expense of conducting additional discovery while the Court considers three potentially dispositive motions. The Court also finds a stay will not prejudice the Plaintiff because if the Court denies the motions in whole or in part, it can easily amend its scheduling order to allow Plaintiff additional time to conduct discovery.

Accordingly, the motion is GRANTED. All discovery is stayed pending the Court's ruling on the pending summary judgment motions.

**IT IS SO ORDERED.**

Date:  December 4, 2012   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT