IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN G. CARANCHINI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10-CV-00672-DGK |
| ) | (consolidated with 4:11-cv-0464) |
| BANK OF AMERICA, N.A., et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This case arises out of a dispute over the mortgage note on Plaintiff pro se Gwendolyn Caranchini's home ("the Property"). Now before the Court is Defendants Merscorp Holdings, Inc. and Mortgage Electric Registration Systems, Inc.'s ("MERS") (collectively the "MERS Defendants") motion for summary judgment (Doc. 271). For the following reasons, the motion is GRANTED.[1]

### Procedural History

On April 29, 2010, Plaintiff filed this lawsuit ("the first lawsuit") in the Circuit Court of Jackson County, Missouri, case number 1016-CV13502. On July 6, 2010, Defendants removed to this Court based on diversity jurisdiction. Plaintiff then filed a second amended complaint asserting two claims. The first count seeks to quiet title to the Property; the second count seeks an injunction preventing any Defendant from foreclosing on the Property.

On September 20, 2010, Plaintiff filed another lawsuit ("the second lawsuit") in the Circuit Court of Jackson County, Missouri, case number 1016-CV28122. Plaintiff named the same defendants in the first lawsuit and also Kozeny & McCubbin, LLC, the alleged successor

---

[1] In ruling on the motion, the Court has carefully considered the MERS Defendants' suggestions in support (Doc. 272), Plaintiff's opposition (Doc. 399), and the MERS Defendants' reply (Doc. 404).

trustee of the Deed of Trust.  On February 22, 2011, Plaintiff filed a second amended petition.  The first count is almost identical to the first count in the first lawsuit.  The second count asserts a negligence claim against BOA/BAC, Countrywide, and MERS, and seeks unspecified damages.[2]  On May 4, 2011, MERS removed the second lawsuit to this Court.

On January 5, 2012, the Court granted Plaintiff's motion to consolidate the second lawsuit into the first.

## Subject Matter Jurisdiction and Choice of Law

While Plaintiff argues the Court erred in denying her various motions to remand, there is no choice of law dispute here.  The parties agree that Missouri law provides the applicable rule of decision.

## Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party, and the nonmoving party "must be given the benefit of all reasonable inferences."  *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."

---

[2] This second amended petition also asserted a third count, a claim for breach of fiduciary duty, against two defendants who the Court subsequently dismissed from the litigation.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. But the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

## Undisputed Facts

For purposes of summary judgment, the Court finds the facts to be as follows.[3]

**MERS and the MERS System**

Defendant MERS is a wholly-owned subsidiary of Defendant MERSCORP Holdings, Inc., a private stock corporation whose shareholders and members include originating lenders and secondary investors that use its services. The essence of MERS's business is to hold record legal title to mortgages and deeds of trust on behalf of the beneficial owners. The MERS® System is designed to allow its members, which include originators, lenders, servicers and investors, to track transfers of servicing rights and beneficial ownership in notes that are secured by the mortgages and deeds of trust held by MERS.

MERS's membership agreements incorporate the MERS System Rules of Membership and MERS® System Terms and Conditions (the "Governing Documents"), which further define the scope of its relationship with its members. MERS's Governing Documents state members are required to "promptly, or as soon as practicable, cause MERS to appear in the appropriate public records as the mortgagee of record with respect to each mortgage loan that the Member registers on the MERS® System." The Governing Documents also state "MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an

---
[3] The Court has omitted properly controverted facts, asserted facts that are immaterial to the resolution of the pending motion, asserted facts that are not properly supported by admissible evidence, legal conclusions, and argument presented as an assertion of fact.

3

administrative capacity, for the beneficial owner or owners thereof from time to time." MERS's Governing Documents require that MERS shall at all times comply with the instructions of the holder and beneficial owner of mortgage loan promissory notes.

**Plaintiff's Deed of Trust and Promissory Note**

Plaintiff is the owner of real property located at 1203 West 62nd Street, Kansas City, Missouri ("the Property"). On June 10, 2006, Plaintiff executed a promissory note (the "Note") in the amount of $300,000 to Aegis Lending Corporation ("Aegis"). By signing the Note, Plaintiff promised to make periodic installment payments to the Lender as set forth in the Note. At the same time, to secure repayment of the Note, Plaintiff executed a deed of trust ("the Deed of Trust").

The Deed of Trust defines the Lender as Aegis and defines MERS as "a separate corporation that is acting solely as a nominee for Lender and Lender's successor and assigns." The Deed of Trust states that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successor and assigns of MERS." The Deed of Trust further provides that

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender . . .

Finally, the Deed of Trust states that the Note "can be sold one or more times without prior notice to Borrower" and that the covenants and agreements in the mortgage "shall bind . . . and benefit the successors and assigns of Lender." The Deed of Trust was recorded with the Jackson County, Missouri Recorder of Deeds on October 3, 2006.

4

Aegis subsequently endorsed the Note to Aegis Mortgage Corporation without recourse. Aegis Mortgage Corporation then endorsed the Note in blank without recourse. Aegis Mortgage Corporation transferred the Note to Merrill Lynch Mortgage Lending ("Merrill Lynch"). Pursuant to a Pooling and Servicing Agreement ("PSA"), the Note was transferred to CitiBank, N.A., as Trustee for the MLMI Trust Series 2006-HE5. MERS subsequently assigned its interest in the Deed of Trust to CitiBank, N.A., as Trustee for the Trust ("Assignment").

During the entire time Aegis, Aegis Mortgage Corporation, Merrill Lynch, and CitiBank, N.A. owned the Note, they were MERS members, subject to the MERS System Terms and Conditions and MERS System Rules of Membership. Pursuant to their agreements with MERS, at the time they owned or held the Note, Aegis, Aegis Mortgage Corporation, Merrill Lynch, and CitiBank, N.A., as Trustee, all appointed MERS to hold legal title to the Deed of Trust on their behalf.

MERS has never had possession of Plaintiff's original Note. Bank of America, N.A., the current servicer of Plaintiff's loan, holds a limited power of attorney for CitiBank, N.A., as Trustee for the Certificate holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006 HI-5, and in that capacity obtained possession of the original Note. Bank of America, N.A. also has possession of the original recorded Deed of Trust.

## Discussion

**A.  Defendants are entitled to summary judgment on Plaintiff's quiet title claim.**

The first count in both complaints is a quiet title claim brought under Missouri Revised Statute §§ 527.00, *et. seq.* For relief, Plaintiff requests the Court declare both that Plaintiff "is the sole rightful holder of title" to the Property and that Defendants "have no estate, right, title or interest in said property."

Missouri Revised Statute § 527.150 allows any person claiming any title, estate or interest in a property, to maintain an action against any other person claiming title, estate or interest in the same property. It is well-settled that in bringing a quite title action, "[a] claimant must prevail on the strength of his own title and not upon any weakness in the title of the other party." *Robertson v. N. Inter-River Drainage Dist.*, 842 S.W.2d 544, 546 (Mo. Ct. App. 1992). Plaintiff has done the opposite here. Plaintiff's quiet title claim against the MERS Defendants focuses on alleged deficiencies in the chain of title to the Note and Deed of Trust. As best the Court can discern from Plaintiff's pleadings, Plaintiff argues that MERS' role as beneficiary of record somehow severed the interests in the Note and Deed of Trust, breaking the chain of title and rendering the Deed of Trust unenforceable.

This claim fails as a matter of law because the record here establishes that MERS held the Deed of Trust as agent for the beneficial owner of the promissory note, which is legal, thus the interests were not severed. The record establishes that MERS was the agent for the Lender and the Lender's successors and assigns. The Deed of Trust clearly names MERS as the beneficiary in its capacity as nominee for the Lender and the Lender's successors and assigns. The Deed of Trust authorizes MERS to hold legal title to the interests Plaintiff granted in the Deed of Trust, and, if necessary, to exercise any of these interests, including the right to foreclose. Plaintiff thus agreed in the Deed of Trust that in the event the Note were sold, MERS could continue to hold the Deed of Trust, and exercise the rights in it, on behalf of the new owner. The fact that the Note was subsequently securitized does not alter this agency relationship or MERS's ability to serve as beneficiary of record on the Deed of Trust. *See Commonwealth v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1204 (10th Cir. 2011).

MERS's role as beneficiary on the Deed of Trust did not invalidate the Deed of Trust by splitting the Note and the Deed of Trust. Several courts of appeal have recently rejected this argument. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011) (holding MERS's role beneficiary irreparably splits the note and deed of trust rendering the deed of trust unenforceable only "if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders."); *Commonwealth*, 680 F.3d at 1204 (upholding MERS's right to initiate foreclosure when it serves as beneficiary of a deed of trust, as nominee for the original lender and its successors and assigns, even when the promissory note has been securitized). The United States Bankruptcy Court for the Western District of Missouri also rejected this precise argument in a case where the language in the deed of trust was identical to that in Plaintiff's Deed of Trust. *In re Tucker*, 441 B.R. 638, 645-46 (Bankr. W.D. Mo. 2010) ("Assuming that the note-holder is a member of MERS, thereby creating an agency relationship, the fact that MERS is identified as the beneficiary under a deed of trust for the benefit of the note-holder does not create a split between the note and deed of trust.").

Accordingly, the Court holds the MERS Defendants are entitled to summary judgment on Plaintiff's quiet title claim.

**B.      Defendants are entitled to summary judgment on Plaintiff's negligence claim.**

The Court also holds the MERS Defendants are entitled to summary judgment on Plaintiff's negligence claim. In order to prevail on a negligence claim, "a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure to perform proximately caused injury to the plaintiff." *Lopez v. Three Rivers Elec. Co-op., Inc.,* 26 S.W.3d 151, 155 (Mo. 2000). "'Whether a duty

exists is purely a question of law,' suitable for determination on summary judgment." *Pippin v. Hill-Rom Co., Inc.*, 615 F.3d 886, 889 (8th Cir. 2010) (quoting *Lopez*, 26 S.W.3d at 155).

Plaintiff alleges MERS owed her two duties: (1) a direct duty arising from the Deed of Trust or Note; and (2) an indirect duty to Plaintiff as a third-party beneficiary of MERS's relationship with the Note holders. Plaintiff cites no legal authority recognizing such duties, and the Court cannot find any.

On the contrary, Missouri caselaw suggests MERS does not owe Plaintiff a duty simply because it served as record beneficiary on the Deed of Trust. Under Missouri law, a lender and borrower ordinarily have a non-fiduciary, arm's-length relationship that does not give rise to a duty that would support a negligence claim. *Hall v. NationsBank*, 26 S.W.3d 295, 297 (Mo. Ct. App. 2000). Since MERS and Plaintiff's relationship here was even more remote than that of a lender and borrower, MERS did not owe Plaintiff any direct duty.

Additionally, MERS did not owe Plaintiff any duty as a third-party beneficiary of MERS relationship with the Note holders. As a threshold matter, MERS's membership agreement with the Note owners and holders expresses no intention to benefit Plaintiff. Even if Plaintiff were an intended beneficiary, Missouri law makes clear that a plaintiff cannot sue in tort for negligent performance of a contract when the plaintiff is not a party to that contract. *Fleischer v. Hellmuth, Obata & Kassabaum, Inc.*, 870 S.W.2d 832, 834 (Mo. Ct. App. 1993) (noting that holding otherwise would expose a defendant to unlimited liability and a loss of control over its contracts). Although the Missouri Supreme Court has made a few, limited exceptions to this rule,[4] these exceptions do not apply here.

---

[4] Recognized exceptions include "where an act of negligence is imminently dangerous to the lives or safety of others or the thing dealt with is inherently dangerous; fraud or collusion; express warranty; implied warranty; and error in the transmission of telegrams." *Fleischer*, 870 S.W.2d at 835.

Because Plaintiff cannot identify any recognized duty the MERS Defendants owed her, the MERS Defendants are entitled to summary judgment on Plaintiff's negligence claim.

## Discussion

For the reasons stated above, the Court GRANTS the MERS Defendants' motion for summary judgment (Doc. 258) on all of Plaintiff's claims.

**IT IS SO ORDERED.**

Date:  September 26, 2013   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT