IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN G. CARANCHINI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10-CV-00672-DGK |
| ) | (consolidated with 4:11-cv-0464) |
| BANK OF AMERICA, N.A., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This case arises out of a dispute over the note on Plaintiff pro se Gwendolyn Caranchini's home ("the Property"). Now before the Court is Defendants Bank of America, N.A.; BAC Home Loan Servicing, LLC; Countrywide Home Loan Servicing; Wilshire Credit Services; Merrill Lynch & Co., Inc.; and Citibank, N.A. as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006 HE-5's (collectively the "BANA Defendants") (Doc. 258) Motion for Summary Judgment (Doc. 258).[1] The BANA Defendants seek summary judgment on all of Plaintiff's claims against them. For the following reasons, the motion is GRANTED.[2]

### Procedural History

On April 29, 2010, Plaintiff filed this lawsuit ("the first lawsuit") in the Circuit Court of Jackson County, Missouri. On July 6, 2010, Defendants removed the case to this Court based on diversity jurisdiction.

---

[1] The Court notes that in a companion order to this one, the Court granted summary judgment to BAC Home Loan Servicing, LLC, Countrywide Home Loan Servicing, and Wilshire Credit Services because they no longer exist.

[2] In ruling on the motion, the Court has carefully considered BANA Defendants' suggestions in support (Doc. 259), Plaintiff's opposition (Doc. 401), and BANA Defendants' reply (Doc. 405).

Plaintiff filed a second amended complaint asking the Court to invalidate the security interest on the Property. Plaintiff's second amended complaint contains two counts. The first count seeks to quiet title to the Property; the second count seeks an injunction preventing any Defendant from foreclosing on the Property.

On September 20, 2010, Plaintiff filed another lawsuit ("the second lawsuit") in the Circuit Court of Jackson County, Missouri. Plaintiff named as defendants all of the defendants in the first lawsuit and Kozeny & McCubbin, LLC, the alleged successor trustee of the Deed of Trust. On February 22, 2011, Plaintiff filed a second amended petition. The first count is almost identical to the first count in the first lawsuit. The second count asserts a negligence claim against BOA/BAC, Countrywide and MERS, and it seeks unspecified damages.[3]

On May 4, 2011, MERS removed the second lawsuit to this Court.

On January 5, 2012, the Court granted Plaintiff's motion to consolidate the second lawsuit into the first.

## Subject Matter Jurisdiction and Choice of Law

While Plaintiff argues the Court erred in denying her various motions to remand, there is no choice of law dispute here. The parties agree that Missouri law provides the applicable rule of decision.

## Summary Judgment Standard

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the

---

[3] This second amended petition also asserted a third count, a claim for breach of fiduciary duty, against two defendants who the Court subsequently dismissed from the litigation.

burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party, and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248. But the nonmoving party "cannot create sham issues of fact in an effort to defeat summary judgment." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 402 (8th Cir. 1995) (citation omitted).

## Undisputed Facts

For purposes of summary judgment, the Court finds the facts to be as follows.[4] On June 10, 2006, Plaintiff borrowed $300,000 from Aegis Lending Corporation ("Aegis") and executed an adjustable rate note (the "Note") payable to Aegis in the original principal sum of $300,000, payable with interest.[5] By executing the Note, Plaintiff promised to pay $300,000.00 with

---

[4] The Court has omitted properly controverted facts, asserted facts that are immaterial to the resolution of the pending motion, asserted facts that are not properly supported by admissible evidence, legal conclusions, and argument presented as an assertion of fact.

[5] Plaintiff attempts to create a factual dispute by claiming her signature was forged. Plaintiff admits that she signed *a* note that is identical to the one attached to Defendant's motion for summary judgment as an exhibit, but denies that the exhibit is a copy of *the* note she signed. Although the Court facilitated Plaintiff's request to view the original Note, Plaintiff did not retain an expert to conduct a forensic examination of the Note, nor has provided any factual support for her forgery claim. The Court also notes that in her Second Amended Petition, Plaintiff alleged she signed a note contemporaneously with executing the deed of trust. On this record, the Court finds Plaintiff has failed to establish a genuine dispute of material fact as to the authenticity of her signature. *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 319 (S.D.N.Y. 2009) (holding a plaintiff alleging forgery to survive summary judgment must offer competent evidence supporting the allegation).

3

interest at a yearly rate of 9.025% (subject to a potential change in interest rate on July 1, 2008) until the Note matured on July 1, 2036.

Section 1 of the Note provides that the "Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" Section 11 of the Note states that,

> In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.

To secure payment of the Note, on June 10, 2006, Plaintiff executed and delivered the Deed of Trust to Aegis, which granted a security interest in the real property commonly known as 1203 West 62nd Street, Kansas City, Missouri 64113 ("the Property").[6] The Deed of Trust was recorded with the Jackson County, Missouri Recorder of Deeds on October 3, 2006.

The Deed of Trust purports to give the grantee a first priority lien and security interest on the Property. Under the heading "Transfer of Rights in the Property," it states

> This Security Instrument secures to Lender . . . For this purpose, Borrower irrevocably grants, bargains, sells, conveys and confirms to Trustee, in trust, with power of sale, the following described property located in the County of Jackson . . . which currently has the address of 1203 West 62nd, Kansas City, Missouri, 64113.

Deed of Trust at 3-4.

---

[6] The legal description of the property is: Lot 84, except the east 120 feet thereof, measured at right angles to the east line of said lot 84, and lot 85, except the west 69.45 feet thereof all in Suncrest, a subdivision in Kansas City, Jackson County, Missouri, according to the plat shown in plat book 23 page 47.

4

Section 20 of the Deed of Trust provides that the Note may be sold and the loan servicer changed. In relevant part, it states:

> **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Service") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note . . . .

Section 24 of the Deed of Trust also provides for the removal and appointment of trustees. It reads,

> Lender, at its option, may from time to time remove the Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which the Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

After Plaintiff executed the Note and Deed of Trust, Aegis transferred the Note and assigned the Deed of Trust. Aegis endorsed the Note to Aegis Mortgage Corporation without recourse. Subsequently, Aegis Mortgage Corporation endorsed the Note in blank without recourse.

Plaintiff's loan was one of hundreds of loans included in the MLMI2006 HE-5 pool of assets ("Pooled Trust"). Certificates in the Pooled Trust were issued pursuant to a Pooling and Servicing Agreement (the "PSA") dated September 1, 2006.

Section 10.12 of the PSA discusses third-party beneficiary rights. In relevant part, it provides that the "NIMS Insurer and the Swap Counterparty shall be deemed a third-party

5

beneficiary of this Agreement to the same extent as if it were a party hereto, and shall have the right to enforce the provisions of this Agreement."  The PSA does not include any provision expressly granting third-party rights to mortgagors whose loans are included in the Pooled Trust.

On or about November 2, 2007, Citibank, N.A., Citibank, N.A., as Trustee for the MLMI Trust Series 2006-HE5, by and through Wilshire Credit Corporation, its attorney-in-fact, removed Todd Hamby as the Trustee under the Deed of Trust and appointed Kozeny & McCubbin, L.C. as Successor Trustee of the Deed of Trust.  The Appointment of Successor Trustee was filed with the Jackson County, Missouri Recorder of Deeds on November 5, 2007.

On or about April 10, 2012, Mortgage Electronic Registration Systems, Inc. transferred to Citibank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE5 all its beneficial interest under the Deed of Trust and the Note secured thereby (the "Assignment").  The Assignment was filed with the Jackson County Recorder of Deeds on April 23, 2012.

Bank of America, N.A., the current servicer of Plaintiff's loan, holds a limited power of attorney for Citibank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006 HI-5, and in that capacity obtained possession of the original Note.  Bank of America, N.A. also has possession of the original recorded Deed of Trust.

Plaintiff has defaulted and failed to fulfill her obligations under the Note and Deed of Trust by failing to pay the required amounts of monthly principal and interest under the Note when due from November 1, 2009 to the present.  Plaintiff currently owes $293,165.15 in unpaid principal, plus unpaid interest, escrow, fees and costs which have continued to accrue since the default.

6

Case 4:10-cv-00672-DGK   Document 427   Filed 09/26/13   Page 6 of 10

Despite the default, Defendants have not foreclosed on the Property, and a foreclosure sale has not been scheduled. Plaintiff has recently communicated to the Court that she is negotiating a loan modification with Bank of America (Doc. 411).

## Discussion

**A.   Defendants are entitled to summary judgment on Plaintiff's quiet title claim.**

The first count in both complaints is a quiet title claim brought under Missouri Revised Statute §§ 527.00, *et. seq.* For relief, Plaintiff requests the Court declare both that Plaintiff "is the sole rightful holder of title" to the Property and that Defendants "have no estate, right, title or interest in said property."

Missouri Revised Statute § 527.150 allows any person claiming any title, estate or interest in a property, to maintain an action against any other person claiming title, estate or interest in the same property. It is well-settled that in bringing a quite title action, "[a] claimant must prevail on the strength of his own title and not upon any weakness in the title of the other party." *Robertson v. N. Inter-River Drainage Dist.*, 842 S.W.2d 544, 546 (Mo. Ct. App. 1992).

Plaintiff has done the exact opposite here. Instead of establishing her title to the Property free of any liens or encumbrances, for example, by establishing that she has made all the required payments and paid her loan off, Plaintiff seeks to extinguish the BANA Defendants' interest by claiming her signature on the Note was forged.[7] Plaintiff, however, has offered no factual support for this claim nor has she designated an expert witness to conduct a forensic

---

[7] Plaintiff's previous filings attacked Defendants' interest in the Note and Deed of Trust on two main grounds: (1) that the initial appointment of Todd Hamby, a nonresident of Missouri, as trustee on the Deed of Trust somehow voided Defendants' interest; and (2) the securitization of the Note and Deed of Trust somehow voided Defendants' interest. In their initial brief, Defendants convincingly debunked these arguments. Recognizing these arguments are futile, Plaintiff's response abandons these arguments and asserts a forgery claim. Since Plaintiff offers no factual support for this claim and has not designated any expert to conduct a forensic examination, it appears Plaintiff's forgery assertion is an attempt raise a sham issue of fact to avoid summary judgment.

7

examination.[8]  Plaintiff's bare allegations of forgery do not create a genuine dispute of material fact and are insufficient to survive summary judgment.  *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 319 (S.D.N.Y. 2009) (holding a plaintiff alleging forgery to survive summary judgment must offer competent evidence supporting the allegation).

The record here establishes that Plaintiff signed the Note; that repayment of the Note is secured by the Deed of Trust; and that the Deed of Trust authorizes the Trustee to conduct a foreclosure sale under conditions that have been met here, namely, Plaintiff's failure to make the required payments.  This precludes the Court from finding that Plaintiff is the sole rightful holder of title to the Property and that Defendants have no interest in the Property.  Thus, the BANA Defendants are entitled to summary judgment on Plaintiff's quiet title claim.

**B.     The BANA Defendants are entitled to summary judgment on Plaintiff's request for a declaratory judgment precluding them from foreclosing.**

Although it is somewhat unclear, Count I of each Complaint arguably seeks a declaratory judgment holding that none of the Defendants have a right to foreclose on the Property.  To grant a declaratory judgment,

> the court must be presented with:  (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

*Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003) (quotation omitted).  Because the Property is not scheduled to be foreclosed upon, there is no "real,

---

[8] Instead of supporting her forgery claim, Plaintiff has softened it.  In her response to the MERS Defendants' motion for summary judgment, Plaintiff "denies that the note that has been produced to her by BOA's lawyers is in fact the note that she signed and that therefore [the copy of the Note attached to Defendants' motion] could be an inaccurate depiction of that note" (Doc. 399 at 8).

8

substantial, presently-existing controversy" that is ripe for judicial determination and a declaratory judgment is improper. Thus, Defendants are entitled to summary judgment on Plaintiff's declaratory judgment claim.

## C.     Defendants are entitled to summary judgment on Plaintiff's request for injunctive relief.

Similarly, the BANA Defendants contend Plaintiff's request for injunctive relief also fails as a matter of law. In determining whether to grant a preliminary injunction, the Court considers (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest. *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007); *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc). Defendants argue that because they have not initiated foreclosure proceedings there is presently no threat of irreparable harm to Plaintiff. In response, Plaintiff acknowledges that Defendants have not initiated foreclosure proceedings, and she concedes that her claim for injunctive relief is not viable at the present time (Doc. 401 at 47-48).

Accordingly, the Court grants the BANA Defendants summary judgment on Plaintiff's request for injunctive relief.

## D.     Defendants are entitled to summary judgment on Plaintiff's negligence claim.

Finally, the Court holds the BANA Defendants are entitled to summary judgment on Plaintiff's negligence claim. In order to prevail on a negligence claim, "a plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure to perform proximately caused injury to the plaintiff." *Lopez v. Three Rivers Elec. Co-op., Inc.,* 26 S.W.3d 151, 155 (Mo. 2000). "'Whether a duty exists is purely a question of law,' suitable for determination on summary judgment." *Pippin v.*

9

*Hill-Rom Co., Inc.*, 615 F.3d 886, 889 (8th Cir. 2010) (quoting *Lopez*, 26 S.W.3d at 155). A legal duty may arise from a statute; from the parties' relationship to one another; or because one party assumed a duty to another by agreement. *Lumberman's Mut. Cas. Co. v. Thornton*, 92 S.W.3d 259, 263 (Mo. Ct. App. 2002). Under Missouri law, a breach of contract alone does not give rise to a negligence claim. *Pippin*, 615 F.3d at 889.

In the present case, Plaintiff has not identified any duty BANA Defendants' owed her. While Plaintiff intimates that they owed her a duty "to keep a marketable title, to not collect more than is owed on the note, [and] to keep Plaintiff from [being] subjected to constant stress because they refuse to address issues regarding her note" (Doc. 401 at 48), she cites no legal authority recognizing such duties, and the Court cannot find any. Because Plaintiff cannot identify any duty the BANA Defendants owed her, much less violated, they are entitled to summary judgment on Plaintiff's negligence claim.

## Discussion

For the reasons stated above, the Court GRANTS the BANA Defendants' motion for summary judgment (Doc. 258) on all of Plaintiff's claims.

**IT IS SO ORDERED.**

Date: September 26, 2013   /s/ Greg Kays
　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT